**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Alexandria Division**

| | |
|---|---|
| CATHARINE WAYNE, *on behalf of herself and all similarly situated consumers*, : : : | |
| Plaintiff, : : | |
| v. : : | Civil Action No. 1:21-cv-1391 |
| VELOCITY INVESTMENTS, LLC, : : | |
| Defendant. : : | |

## CLASS ACTION COMPLAINT

Plaintiff Catharine Wayne, *on behalf of herself and all similarly situated consumers*, by counsel, files this Complaint against Defendant, Velocity Investments, LLC ("Velocity"). In support of her claims, Ms. Wayne alleges as follows:

## PRELIMINARY STATEMENT

1.      This is an action for statutory and actual damages; costs; and attorneys' fees brought under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.*

2.      In 1977, Congress enacted the FDCPA "to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692(e).

3.      The FDCPA pursues these stated purposes by imposing affirmative requirements on debt collectors and prohibiting a range of debt-collection practices. §§ 1692b–1692j.

4.      One of these prohibited debt-collection practices is making false or misleading representations in connection with the collection of any debt, including during litigation. 15 U.S.C. 1692e; *see also Sayyed v. Wolpoff & Abramson*, 485 F.3d 226, 229–32 (4th Cir. 2007).

5.      In this case, Velocity violated the FDCPA by submitting to courts a form certifications that contained false statements about account records. To establish purported outstanding balances on debts that it was seeking to collect from Virginia consumers, Velocity made those false statements to admit evidence that otherwise would have been inadmissible.

6.      Ms. Wayne also brings an individual claim against Velocity for using unfair and unconscionable means in attempting to collect a debt from her.

## JURISDICTION AND VENUE

7.      This Court has jurisdiction under 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d).

8.      Venue is proper in this Court under 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to Ms. Wayne's claims occurred in this District and Division.

## PARTIES

9.      Ms. Wayne is a natural person who lives in Herndon, Virginia. She is a consumer as defined by 15 U.S.C. § 1692a(3).

10.     Velocity's principal place of business is located in New Jersey. It is a "debt collector" as defined by 15 U.S.C. § 1692a(6) because it uses interstate commerce and the mail in its business, the principal purpose of which is the collection of debts. Velocity advertises that it is "a comprehensive accounts receivables management (ARM) company focused on working with consumers to find satisfactory resolutions to outstanding debts."[1] It further claims to combine its "strong expertise in customer service and consumer focused collection solutions with our

---

[1] https://velocityrecoveries.com/ (last visited on Dec. 14, 2021).

technologically advanced and compliance based management system across our network of account resolution specialists located in all fifty states."[2]

## FACTS

### *Velocity's Business Practices*

11.    Velocity is a debt collector who purchases defaulted debts in bulk (or "debt portfolios") for pennies on the dollar and then attempts to collect the full amount of the debt from consumers.

12.    When Velocity purchases the debt portfolio from the original creditor, it receives very little information about the defaulted accounts that it is purchasing.

13.    Instead, it largely relies on account information that it receives in a summary format to establish the purported balance owed on the account. This summary is often attached to the debt portfolio purchase agreement.

14.    Although this information is compiled from the original creditor's records at the time of the debt portfolio sale and is clearly hearsay, Velocity routinely represents that this summarized data is its business record in order to avoid having the evidence excluded on a hearsay objection.

15.    Velocity makes these false representations in a form "Notice/Certification of Business Records (Pursuant to Va. Code § 8.01-390.3)" that it files in Virginia courts.

16.    Without this account summary information, Velocity cannot prove the amount that a consumer owes on the accounts that it purchases.

---

[2] *Id.*

17.     Misrepresenting its knowledge regarding the records also helps Velocity to avoid the expense of having a witness travel from New Jersey to Virginia to testify about the records, which would drastically reduce its profit margin.

### Facts Regarding Ms. Wayne

18.     In April 2021, Velocity sued Ms. Wayne for $9,573.49, with 6-percent interest from the date of judgment and $64 in costs in Fairfax County General District Court for a defaulted OneMain Financial account (the "Account") that purported belonged to Ms. Wayne.

19.     In this state court action, Velocity filed a Certification of Business Records (the "Certification") signed by Alia Rivera, a Velocity employee and purported business-record custodian.

20.     Velocity attached several documents to the Certification, including an attachment to the sales agreement under which Velocity purchased the OneMain debt (the "Account Summary"). The Account Summary purports to contain information about the amount and character of the debt.

21.     Upon information and belief, the Certification that Velocity used in Ms. Wayne's case was a form that Velocity uses in most of its Virginia litigation.

22.     The Certification stated:

2. I further certify that the entries contained in the attached documents were made at or near the time of the occurrence of the transactions set forth therein, by (or from information transmitted by) a person with knowledge of those transaction; and

3. I further certify that the attached documents were incorporated and kept in the course of regularly conducted business activity of Velocity Investments, LLC assignee of OneMain Financial Group, LLC; and

4. I further certify that the attached documents and Account Statements were incorporated or made and kept by Velocity Investments, LLC assignee of OneMain Financials Group, LLC as a regular practice as part of its regularly conducted business activities.

23.     These representations were false.

24.     For example, the Account Summary was not made at the time of the transactions listed in them by a person with knowledge and it was not made or kept in the ordinary course of business.

25.     Instead, the Account Summary is created by a transaction out of the ordinary course of OneMain's business, through which OneMain's files and accounts were culled, separated, reorganized, and restructured into a separate electronic file, and then sold in bulk to Velocity Investments.

26.     This summary document was not made at or near the time of the transactions listed in the summary, nor was it made by anyone with knowledge of the underlying transactions.

27.     The Account Summary does not reflect a business record of OneMain, much less a business record that could be incorporated into Velocity's business records.

28.     Velocity made these false statements about the Account Summary in order to establish them as hearsay-exempt business records so that they could prove the amount of the outstanding balance on the OneMain account and obtain a judgment against Ms. Wayne.

29.     As a result of Velocity's illegal collection efforts, Ms. Wayne suffered actual damages. For example, she has suffered emotional distress because of Velocity's conduct, including the fear that she will have an improper judgment against her and that she will have to incur significant expense defending an improper lawsuit.

## COUNT ONE:
## VIOLATION OF FDCPA, 15 U.S.C. § 1692e

30.     Ms. Wayne incorporates each of the allegations set forth above.

31.    Under Rule 23 of the Federal Rules of Civil Procedure, Ms. Wayne brings this action for herself and on behalf of a class initially defined as:

> All consumers: (1) who Velocity sued in a Virginia General District Court; (2) and in connection with that lawsuit submitted a "Notice/Certification of Business Records (Pursuant to Va. Code § 8.01-390.3)"; and (3) in the one year predating the filing of this lawsuit.

32.    **Numerosity. Fed. R. Civ. P 23(a)(1).** Upon information and belief, Ms. Wayne alleges that the class members are so numerous that joinder of all is impractical. Velocity has sued hundreds of consumers in Virginia in the last year and upon information and belief, it used the same form in most of those cases. The class members' names and addresses are identifiable through Velocity's internal business records, and they may be notified of this litigation by published or mailed notice.

33.    **Predominance of Common Questions of Law and Fact. Fed. R. Civ. P. 23(a)(2).** Common questions of law and fact exist as to all putative class members, and there are no factual or legal issues that differ between the putative class members. These questions predominate over the questions affecting only individual class members. The principal issues include: (1) whether Velocity is a debt collector; (2) whether Velocity violated § 1692e of the FDCPA by making false representations about the Ms. Wayne's and putative class members' debts; and (3) the appropriate amount of statutory damages.

34.    **Typicality. Fed. R. Civ. P. 23(a)(3).** Ms. Wayne's claims are typical of the claims of each putative class member. In addition, Ms. Wayne is entitled to relief under the same causes of action as the other members of the putative class. All claims are based on the same facts and legal theories.

35.    **Adequacy of Representation. Fed. R. Civ. P. 23(a)(4).** Ms. Wayne is an adequate representative of the putative class because her interests coincide with, and are not antagonistic to,

the interests of the class members that she seeks to represent. Ms. Wayne has retained counsel competent and experienced in class-action litigation, and they intend to continue to prosecute the action vigorously. Ms. Wayne and her counsel will fairly and adequately protect the putative class members' interests. Neither Ms. Wayne nor her counsel have any interests that might cause them to not vigorously pursue this action.

36.    **Superiority. Fed. R. Civ. P. 23(b)(3).** Questions of law and fact common to the class members predominate over questions affecting only individual members, and a class action is superior to other available methods for fair and efficient adjudication of the controversy. The damages sought by each member are such that individual prosecution would prove burdensome and expensive. It would be virtually impossible for class members to effectively redress the wrongs done to them in individual litigation. Even if the putative class members could afford individual litigation, it would be an unnecessary burden on the courts. Furthermore, individualized litigation presents a potential for inconsistent or contradictory judgments and increases the delay and expense to all parties and to the court system presented by the legal and factual issues raised by Velocity's conduct. By contrast, the class-action device will result in substantial benefits to the litigants and the Court by allowing the Court to resolve numerous individual claims based upon a single set of proof in a case.

37.    Velocity violated § 1692e of the FDCPA by using false, deceptive, and misleading representations in connection with the collection of Ms. Wayne's and the putative class members' accounts.

38.    For example, Velocity made several false representations in its form certification, including: that the entries contained in Ms. Wayne's and the putative class members' account summaries were made at or near the time of the occurrence of the transactions listed; that the

entries were made with a person with knowledge of the transactions; and that Ms. Wayne's and the putative class members' account summaries were incorporated and kept in Velocity's ordinary course of business.

39.    Ms. Wayne and each putative class member suffered a concrete injury in fact as a result of Velocity's misrepresentation including, for example, an adverse impact on debt-making decisions, emotional distress, and an increased risk that a judgment would be entered against them.

40.    Under 15 U.S.C. § 1692k, Ms. Wayne seeks statutory damages for herself and each putative class member and her reasonable attorneys' fees and costs from Velocity.[3]

## COUNT TWO:
## VIOLATION OF FDCPA, 15 U.S.C. § 1692f

41.    Ms. Wayne incorporates each of the allegations set forth above.

42.    Velocity violated § 1692f of the FDCPA by using unfair and unconscionable means in attempting to collect the Account from Ms. Wayne.

43.    For example, Velocity made materially false statements in a court filing in order to obtain a judgment against her.

44.    Because of Velocity's violation of § 1692f, Ms. Wayne suffered actual damages, including emotional distress.

45.    Under 15 U.S.C. § 1692k, Ms. Wayne is entitled to recover actual damages, statutory damages, and her reasonable attorneys' fees and costs from Velocity.

---

[3] Ms. Wayne seeks statutory damages for herself and the other class members. If class certification is denied, Ms. Wayne intends to seek actual damages for Ms. Wayne's violations.

WHEREFORE, Ms. Wayne demands judgment for actual and statutory damages against Velocity; her attorneys' fees and costs; prejudgment and post-judgment interest at the judgment rate; and any other relief the Court finds appropriate.

**TRIAL BY JURY IS DEMANDED.**

Respectfully submitted,
**CATHARINE WAYNE**

By:       */s/ Kristi C. Kelly*
Kristi Cahoon Kelly, VSB #72791
Andrew J. Guzzo, VSB #82170
Casey S. Nash, VSB #84261
J. Patrick McNichol, VSB #92699
KELLY GUZZO, PLC
3925 Chain Bridge, Suite 202
Fairfax, VA  22030
Telephone: (703) 424-7572
Facsimile: (703) 591-0167
Email:  kkelly@kellyguzzo.com
Email:  aguzzo@kellyguzzo.com
Email:  casey@kellyguzzo.com
Email: pat@kellyguzzo.com
*Counsel for Plaintiff*