IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
(Alexandria Division)

CATHARINE WAYNE, *on behalf of*      )
*herself and all similarly situated consumers*, )
                                     )
    Plaintiff,                    )    Civil Action No.: 1:21-cv-01391-AJT-IDD
                                     )
v.                                   )
                                     )
VELOCITY INVESTMENTS, LLC            )
                                     )
    Defendant.                    )
_____      )

## MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION TO STAY OR DISMISS UNDER THE COLORADO RIVER DOCTRINE

### BACKGROUND

In April, 2021, Velocity filed a lawsuit against Catharine Wayne in the Fairfax County General District Court for a defaulted account. During the course of the lawsuit, Velocity filed a certification of business records, swearing to the legitimacy of the account and the amount due. Wayne explicitly argued that the submitted evidence was not sufficient, and that the records could not be verified by Velocity. On January 19, 2022, the court made certain evidentiary findings in Wayne's favor, and entered judgment in Wayne's favor. On January 25, 2022, Velocity appealed the decision to the Circuit Court, and that appeal grants Velocity a trial *de novo* in the Circuit Court. (Ex. A.) That appeal is currently pending, and the parties are engaged in discovery.

On December 15, 2021, Wayne filed this lawsuit. (Dkt. No. 1.) Wayne alleges that representations made in the business records certification were false, and that this amounted to a violation of the Fair Debt Collection Practices Act. (*Id.* ¶¶ 30-45.)

This case should be stayed or dismissed under the *Colorado River* doctrine. First, the state court case and this case are parallel because they involve the exact same legal issues and, at their

core, go to the propriety of evidence offered in the state court case. Second, the factors used to determine if exceptional circumstances exist to abstain from litigating in this case weigh heavily in Velocity's favor. As a result, this Court should either dismiss or stay the lawsuit.

## ARGUMENT

This case should be stayed or dismissed pending the outcome of the state court collection case under the *Colorado River* doctrine. Federal litigation can be stayed in exceptional circumstances pending the outcome of a parallel case as a matter of "wise judicial administration, giving regard to the conservation of judicial resources and comprehensive disposition of litigation." *Colorado River Water Conservation Dist. v. U.S.*, 424 U.S. 800, 817 (1976). Under a two-part analysis, the court must first determine if the proceedings in state court are parallel to the federal lawsuit. *Baseline Sports, Inc. v. Third Base Sports*, 341 F. Supp. 2d 605, 608 (E.D. Va. 2004). Next, the Court must consider several factors to determine whether exceptional circumstances exist to warrant abstention. *Id.* They are: (1) the assumption by either court of jurisdiction over property; (2) the inconvenience of the federal forum; (3) the desirability of avoiding piecemeal litigation; (4) the order in which the courts obtained jurisdiction and the progress achieved in each action; (5) the source of applicable law; and (6) whether the state proceedings will adequately protect the parties' rights. *Id.* The Fourth Circuit considers whether the later-filed lawsuit is reactive or vexations as an additional factor. *Id.* (citing *Holland v. Hay*, 840 F. Supp. 1091, 1102 (E.D. Va. 1994)). Here, the analysis demonstrates a stay or dismissal is appropriate.

### A.  The state and federal actions are parallel.

The first part of the *Colorado River* test is met because the state and federal lawsuits are parallel. Two suits are considered parallel if substantially the same parties litigate substantially the same issues in different forums. *Baseline Sports, Inc.*, 341 F. Supp. 2d at 608 (citing *New Beckley*

*Mining Corp. v. International Union*, 946 F.2d 1072, 1073 (4th Cir. 1991)). The issues need only be substantially similar, not identical. *Id.*

For example, in *Charles v. Bank of America*, the Court found that the federal FDCPA case was parallel to a state court foreclosure case because the plaintiffs were claiming that the defendant "falsely represented their standing and authority to foreclose on the Mortgage[.]" No. 11 cv 8217, 2012 U.S. Dist. LEXIS 173928, at *9 (N.D. Ill. Dec. 5, 2012). The Court reasoned that if the state court held that the lender was legally entitled to enforce the note, the federal case would fail: "Because Plaintiffs' federal action relies significantly on the resolution of the primary legal issue under consideration in [the lender's] state court foreclosure action, the Court finds that the actions are sufficiently parallel[.]" *Id.* at *10-11; *see also Nieves v. Bank of Am., N.A.*, No. 14 cv 2300, 2015 U.S. Dist. LEXIS 20383, at *13 (N.D. Ill. Feb. 20, 2015) (stating that a state court foreclosure was sufficiently parallel with a federal FDCPA case because judgment in the foreclosure case "will narrow the issues and resolve most, if not all, of the factual questions on which Plaintiff's claims are premised.").

Here, Wayne is a defendant in a state court lawsuit pending in the Circuit Court of Virginia. The circuit court will review the judgment order *de novo*, and the propriety of the state court lawsuit will necessarily be resolved by the Virginia state court, which could dispose of this matter in its entirety.

Additionally, both cases have parallel issues, specifically about the propriety of the account records. The crux of Wayne's federal lawsuit is that representations in a business record certification were false: that the records attached were not Velocity's own records, and that certain representations about how the records were created were incorrect. (Dkt. No. 1 ¶¶ 18-29.) In sum, Wayne's legal theory in this case is premised on the belief that the records in the state court lawsuit

were impermissible. A positive outcome for Velocity in the state court lawsuit would fatally undermine this theory. A merits-based outcome in the state court could resolve most if not all of the factual issues in this case[1], and the two cases are parallel.

### B.  Exceptional circumstances favor deference to state court.

The applicable factors weigh in favor of staying or dismissing this action pending resolution of the state court lawsuit. There are several factors a district court can consider when deciding whether "exceptional circumstances" exist to justify deference to the state courts under the *Colorado River* doctrine. *Baseline Sports, Inc. v. Third Base Sports*, 341 F. Supp. 2d 605, 608 (E.D. Va. 2004). They are: (1) the assumption by either court of jurisdiction over property; (2) the inconvenience of the federal forum; (3) the desirability of avoiding piecemeal litigation; (4) the order in which the courts obtained jurisdiction and the progress achieved in each action; (5) the source of applicable law; and (6) whether the state proceedings will adequately protect the parties' rights. *Id.* The Fourth Circuit also considers whether the later-filed lawsuit is reactive or vexatious. *Id.* (citing *Holland v. Hay*, 840 F. Supp. 1091, 1102 (E.D. Va. 1994)).

The first factor applies because the state court collection lawsuit will adjudicate the parties' rights in property. The Circuit Court has jurisdiction over the issue of the propriety of the account and the amount owed. It thus has jurisdiction to determine the parties' rights in property, implicating the first factor.

The second factor, the inconvenience of the federal forum, is met because it will be inconvenient to litigate the same issue—the propriety of the account and Velocity's proffered evidence of business records—in two fora instead of one.

---

[1] There would potentially remain some legal issues as to the legal merits of the claims, but those could be avoided entirely depending on the outcome of the state court case.

The third factor is present because litigating this case would result in piecemeal litigation. Piecemeal litigation occurs when the two separate lawsuits are "over essentially the same issues", and risks the possibility of inconsistent results. *Holland v. Hay*, 840 F. Supp. 1091, 1101 (E.D. Va. 1994). Imagine the possibility of this Court determining that the evidence proffered in the state court was false, while the state court determines that the business records are proper and valid evidence, Velocity is entitled to judgment, and enters a judgment in an amount reflected by the business record evidence.

Factor four, the order of jurisdiction, is also present. The state court case was filed in April 2021—about ten months ago. This case is not yet two months old. (Dkt. No. 1); *see also LaDuke v. Burlington N. R. Co.*, 879 F.2d 1556, 1561 (7th Cir. 1989) (finding it significant that the state court action was filed seven weeks before the federal lawsuit).

The fifth factor, governing law, is met because the issues in this case deal with state court evidentiary standards, and specifically the propriety of the submitted business records.

For the sixth factor, the state court lawsuit is an adequate forum for Wayne to argue her legal theory that the supplied evidence is not sufficient.

The final factor, vexatious or contrived nature of the federal claim, weighs in favor of abstention. While the federal case is not necessarily vexatious, it is duplicative of the issues involved in the state court collection lawsuit for the reasons argued above. The case should thus be stayed or dismissed in light of the *Colorado River* Doctrine.

WHEREFORE, Defendant, Velocity Investments, LLC prays that this Honorable Court: dismiss this case pending the resolution of the state court lawsuit; or, alternatively, stay this case pending resolution of the state court lawsuit; and enter any other relief to the Defendant that is equitable and just.

THE LAW OFFICES OF RONALD S. CANTER, LLC

/s/ Bradley T. Canter
Bradley T. Canter, Esq.
VA Bar 86766
200A Monroe St., Suite 104
Rockville, MD 20850
Telephone: (301) 424-7490
Facsimile: (301) 424-7470
bcanter@roncanterllc.com
*Attorney for Defendant*


## CERTIFICATE OF SERVICE

I hereby certify that on February 9, 2022, the foregoing document was filed with the Clerk

of the Court and served in accordance with the Federal Rules of Civil Procedure and/or the

District's Local Rules, and/or the District's Rules on Electronic Service, upon the following

CM/ECF parties and participants:

Andrew Guzzo, Esq.
Kristi Kelly, Esq.
Casey Nash, Esq.
James P. McNichol, Esq.
Kelly Guzzo, PLC
3925 Chain Bridge Road, Suite 202
Fairfax, Virginia 22030
aguzzo@kellyguzzo.com
kkelly@kellyguzzo.com
casey@kellyguzzo.com
pat@kellyguzzo.com
*Attorneys for Plaintiff*

/s/ Bradley T. Canter
Bradley T. Canter, Esq.
*Attorney for Defendant*