# Exhibit 2

1

```
 1   VIRGINIA:
 2     IN THE GENERAL DISTRICT COURT FOR THE COUNTY OF FAIRFAX
 3   - - - - - - - - - - x
 4   VELOCITY INVESTMENTS, LLC,      :
 5   ASSIGNEE OF ONEMAIN FINANCIAL   :
 6   GROUP, LLC,                     :
 7              Plaintiff,           :
 8      -vs-                         : GV21006064-00
 9   CATHERINE A. WAYNE,             :
10              Defendant.           :
11   - - - - - - - - - - x
12                                    Fairfax, Virginia
13                                    Wednesday, January 19, 2022
14        The above-entitled matter came on to be heard
15   before The Honorable Mark C. Simmons, a judge in and for
16   the General District Court for the County of Fairfax, in
17   Courtroom 2B of the Fairfax County Judicial Center, 4110
18   Chain Bridge Road, Fairfax, Virginia, beginning at
19   approximately 1:23 p.m., before Shannon C. Hopchas-
20   Latham, a Verbatim Court Reporter, and a Notary Public in
21   and for the Commonwealth of Virginia at large, when there
22   were present on behalf of the respective parties:
23                                                    SH22A007
```

Anita B. Glover & Associates, Ltd.
10521 West Drive
Fairfax, Virginia 22030
(703) 591-3004

```
 1          APPEARANCES:

 2          On Behalf of the Plaintiff:

 3               DAVID C. JONES, JR., ESQUIRE
                 10617 Jones Street
 4               Suite 301A
                 Fairfax, Virginia 22030
 5
            On Behalf of the Defendant:
 6
                 CASEY S. NASH, ESQUIRE
 7               Kelly GUZZO, PLC
                 3925 Chain Bridge Road
 8               Suite 202
                 Fairfax, Virginia 22030
 9

10

11                      C O N T E N T S

12                                                       PAGE

13     Proceedings                                          3

14

15                      E X H I B I T S

16     None

17

18

19

20

21

22

23
```

Anita B. Glover & Associates, Ltd.
10521 West Drive
Fairfax, Virginia 22030
(703) 591-3004

3

P R O C E E D I N G S

(Whereupon, the court reporter was sworn by the Court.)

THE COURT: All right. Ready to go? All right. This is the case of Velocity Investments versus Catherine Wayne and the motion is by Mr. Jones, is that right, who represents Velocity Investments?

MR. JONES, JR.: Yes, Your Honor. I am standing in for Protas and Spivok today.

THE COURT: Okay. All right.

MR. JONES, JR.: Your Honor, the plaintiff moves to continue the trial date and requests, roughly, about a month. The grounds for the request are first; if you look at the defendant's answer in Grounds of Defense, she denies, first, having applied for the loan in issue, and second, that she made payments on the loan at issue. These are -- essentially, paragraphs one and two of the Bill of Particulars.

Secondly; the defendant -- excuse me, the plaintiff filed it's certification of business records and the defendant filed an objection thereto. And in Paragraph 3, subsections (h) and (i) of the defendant's Objection, it summarizes, essentially, that their

4

1  objection is that these business records really,
2  originally, belonged to Onemain Financial and then, that
3  the original records of Velocity Investments, who is the
4  assignee of the asset.
5        Third; because, obviously, you know, they
6  wanted to authenticate those records, the plaintiff filed
7  a witness subpoena, demanding the appearance of the
8  defendant, Ms. Wayne. And, yesterday, Ms. Barran got an
9  e-mail from Counsel and my understanding is that Counsel
10 really couldn't have gotten back to her any sooner
11 because of, I guess, an illness or whatnot.
12       But, yesterday, Counsel e-mails -- tells
13 Ms. Linda, Ms. Barran, she says, Thanks Linda, I have
14 spoken with Ms. Wayne, she has not been served and she
15 does not live at the address listed on the subpoena.
16 Because the subpoena has not been served she does not
17 intend to appear tomorrow.
18       Apparently, the plaintiff has moved from
19 the time that this trial was originally scheduled to the
20 present. Counsel was aware of that. Ms. Wayne,
21 according to Counsel's e-mail, is aware of the issuance
22 of the subpoena and chooses not to be here.
23       In a prior e-mail from September the 10th,

5

1  counsel for the defendant e-mailed Ms. Barran and said,
2  Linda, I am checking with my client on what date works
3  best and will let you know as soon as I hear.
4        So, the September e-mail pretty clearly
5  implies that she is checking with her client as to her
6  availability for trial dates.  The inference being my
7  client is going to show up at trial and she's going to
8  defend herself.  Then, the day before trial, it appears,
9  in fact, what's actually going on is the defendant is not
10 coming to court and not coming to court on purpose,
11 knowing that a subpoena has been issued.
12       The request for a continuance is,
13 essentially, this, Your Honor.  Because Onemain was the
14 original creditor, the plaintiff needs to ask the
15 defendant; Ma'am, isn't this your signature on these loan
16 documents; isn't that true?  And, you received this
17 money.
18       They are entitled to have her called as a
19 witness and come in and testify.  There's no privilege
20 against self-incrimination in a civil case.  A subpoena
21 was timely issued and, apparently, the plaintiff has
22 moved.
23       And so, our motion is first, simply to

Anita B. Glover & Associates, Ltd.
10521 West Drive
Fairfax, Virginia 22030
(703) 591-3004

6

1  grant a continuance so that the plaintiff can be served
2  with a subpoena and, accompanying that, to then require
3  the defendant to give us her current address so that she
4  can be properly subpoenaed to court.
5       In the alternative, we ask the Court to
6  consider granting us the adverse inference, that she is
7  refusing to appear on the grounds that her testimony
8  would be harmful to her case.  I point the Court's
9  attention to the of case of Williams V. Vaughn, which is
10 a Virginia Supreme Court case from 1973 wherein the Court
11 considers Defendant's argument that the failure to call
12 eyewitnesses raises a presumption that the testimony --
13 the adverse -- of the witnesses would be adverse.  And it
14 says, this Court has frequently stated that the
15 unexplained failure to call material witnesses readily
16 available may raise such a presumption.
17      So, if a party who fails to call available
18 witnesses gets a presumption against them that the
19 testimony of those people would have been adverse, in
20 this circumstance, I think the clear example of that
21 suggests that if a person's refusal to come to court,
22 knowing the subpoena exists and not showing up when she
23 knows she has been subpoenaed, the obvious adverse

7

1  inference is her testimony would be adverse to her.
2              And we ask the Court to then, based on
3  that, strike their objection to the certification of the
4  business records.  Or, just grant us a continuance so we
5  can have her come in and testify.  Either way is fine by
6  the plaintiff.
7              THE COURT:  Okay.  And you are Ms. Nash,
8  correct?
9              MS. NASH:  Yes, Your Honor.
10             THE COURT:  Okay.  Ms. Nash, what's your
11 response?
12             MS. NASH:  So, a couple of things, Your
13 Honor.  First, I would have -- I just want to provide
14 some background because Counsel made a lot of mis-
15 representations, or a lot of representations, but to my
16 awareness, this is his first involvement in the case and
17 I think that there have been some misunderstandings.
18             First; I was not able to get back to Ms.
19 Barran until yesterday because -- and there -- to give
20 some background, there have been some issues in this case
21 with the delivery of documents through the mail.  And so,
22 I asked Ms. Barran several months ago, prior to the
23 September the first trial that was scheduled in

8

1  September, to serve me documents electronically.  On
2  December 30th.
3           My eighteen month-old got Covid and I had
4  -- and then, I, subsequently, got Covid, my husband got
5  Covid.  I have been out of the office.  Other members of
6  my office have also been out.
7           As soon as I became aware -- and Ms.
8  Barran did not send me an electronic copy of the
9  subpoena.  She sent it only by mail.  When I got back
10 into the office yesterday I saw the subpoena.  I called
11 my client who said, no, I don't know of a subpoena, I
12 haven't been served.  And, you know, I can't appear
13 tomorrow.  She hasn't been served.  It was their
14 obligation to serve her.
15          I want to go back to the September e-mail
16 that he referenced, saying I'm checking on dates with my
17 client.  The context of that e-mail was, prior to the
18 trial we had set in September, we were discussing a
19 mutual continuance of the trial at that time.  We were
20 unsure if the client was going to appear.  We came to the
21 trial in September; my client was not here.  I made it
22 very clear my client did not intend to appear.  That's
23 why they issued the subpoena but they waited until

9

1 January 6th to issue the subpoena, when they knew it
2 would be necessary since September.
3     I reached out to Ms. Barran. I said, I'm
4 not authorized to accept service. She said, I'm not
5 asking you to accept service. Ms. Barran did not tell me
6 yesterday that she was going to seek a continuance. We
7 now have a court reporter here; we could have avoided
8 that expense.
9     You know, this is actually our third trial
10 date. It was originally set for trial in May 2021, then
11 it got continued to September, and now, it's continued --
12 now, they are looking for another continuance. They
13 could have asked us for a continuance yesterday. They
14 could have been more diligent in serving their subpoena;
15 they've known about it for months. And this is highly
16 prejudicial. They could also have asked Onemain to
17 appear as a witness. They don't need my client's
18 testimony. They could have subpoenaed Onemain and they
19 haven't done that either.
20     So, this is really a lack of diligence on
21 the part of the plaintiff and it's highly prejudicial.
22 At a minimum, if the Court does decide to continue it,
23 they should be responsible to pay for the cost of the

```
 1   court reporter because they could have alerted us to
 2   their request yesterday and we could have avoided the
 3   expense.
 4              THE COURT:  Okay.
 5              MS. NASH:  We think the trial should
 6   proceed.
 7              THE COURT:  Okay.  Mr. Jones, let me ask a
 8   question or two.
 9              MR. JONES, JR.:  Yes, Your Honor.
10              THE COURT:  If the Court had ruled that
11   Ms. Wayne, by her absence, was, indeed, the person who
12   signed whatever contract you're talking about and that
13   being the one element that you are trying to do, would
14   you otherwise have been ready for trial today?
15              MR. JONES, JR.:  Yes, Your Honor.
16              THE COURT:  Okay.
17              MR. JONES, JR.:  We have a witness
18   available by video to demonstrate --
19              THE COURT:  Just one witness?
20              MR. JONES, JR.:  Just one witness.  She's
21   ready to go, she's online, as I understand, and,
22   essentially, her testimony is just going to be that we
23   bought it from Onemain, these are our business records,
```

```
                                                         11

 1   this is how much she owes, very straight-forward
 2   collection.
 3              THE COURT:  But, the objection is the
 4   business record exception about Onemain, is that right?
 5              MS. NASH:  There are several business
 6   records.  They are Onemain's business records.  The
 7   witness -- my understanding, she is not Onemain's
 8   custodian and, therefore, the records are inadmissible
 9   hearsay.  They can't lay a foundation --
10              THE COURT:  Okay.
11              MS. NASH:  -- that it's, that there --
12   that would be eligible for the business record exception
13   --
14              THE COURT:  Okay.
15              MS. NASH:  -- because it's not a Onemain
16   custodian.
17              THE COURT:  Okay.
18              MR. JONES, JR.:  That's right, that's
19   exactly right, Judge.  That's why Ms. Wayne's testimony
20   that, yes, I signed that with Onemain, is -- at that
21   point --
22              THE COURT:  Do you think that would allow
23   all the records to come in or just that she is the person
```

12

1 who signed a contract with a company?
2         MR. JONES, JR.: Well, that would be a
3 trial issue, to be frank. I understand that. The issue,
4 though, is if she authenticates the debt and then says,
5 you know, this is how much I received. And she would be
6 able to testify if she made any payments. She denies
7 having made payments in her answer.
8         So, presumably, if she says that I, you
9 know, the two things that I've asked, which is the loan
10 was taken out and you received the money, well, she
11 denied in her answer having made any payments on it. So,
12 I don't think that there's an issue in terms of what it
13 would be.
14         THE COURT: Okay.
15         MR. JONES, JR.: And, frankly, even if the
16 judgement is only for the original principal and there's
17 no -- nothing intervening, we -- my client can certainly
18 prove that they now own the debt. I think that that
19 would be the only thing that would be, you know, at
20 issue, at that point.
21         THE COURT: I'm also looking at the court
22 file.
23         MR. JONES, JR.: Yes, Your Honor.

13

1   THE COURT: On September 15th it says,
2   trial continued to 1-19-22, Plaintiff's request granted
3   over objection.
4   MR. JONES, JR.: Yes.
5   THE COURT: An issue arose over, and I
6   can't read Judge Moliken's handwriting, something --
7   THE CLERK: If the defendant had received
8   the business records, they were ordered to be served. I
9   happened to be the court clerk that day --
10  THE COURT: Okay.
11  THE CLERK: -- and I put the notes in the
12  computer, so.
13  THE COURT: Okay. All right. Thank you.
14  You have better handwriting -- better typing, than Judge
15  Moliken.
16  THE CLERK: Yes.
17  THE COURT: I think that's enough
18  continuances for one trial. I'm going to deny the Motion
19  for Continuance.
20  MR. JONES, JR.: Very well, Your Honor.
21  In that case, the trial is going to take all of two
22  minutes. You're going to enter judgement for the
23  defendant and we'll appeal the matter. I mean, it's --

```
                                                              14

 1  we can't --
 2              THE COURT: All right.  Would you prefer
 3  that?  You are not non-suiting it?
 4              MR. JONES, JR.: I believe it's been
 5  previously non-suited, so.
 6              THE COURT: Okay.
 7              MS. NASH: It has been previously non-
 8  suited.
 9              MR. JONES, JR.: So, yes, we'd rather lose
10  and go upstairs then get a continuance.
11              THE COURT: Okay.
12              MR. JONES, JR.: Now, knowing that that's
13  going to happen --
14              THE COURT: Okay.
15              MR. JONES, JR.: -- I don't know if the
16  defendant wants to maintain her objection because she is
17  going to come into court and testify under oath in front
18  of a circuit court judge instead of here and have to hire
19  a court reporter again.  So, as far as I'm concerned,
20  it's neither here nor there.  I'll probably never touch
21  this case again, in all likelihood, Your Honor.
22              THE COURT: All right.  If you want me to
23  write judgement for the defendant, I can, otherwise, I'll
```

15

1  write dismissed because there is no evidence, it's just
2  dismissed.
3          MR. JONES, JR.:  Well, whether it's
4  judgement for the defendant or dismissed doesn't matter,
5  it's still --
6          THE COURT:  They always told us that but
7  then in law school -- for some reason, they get all
8  upset.  So, I'll just dismiss it unless you have some
9  other -- any suggestions, Ms. Nash?
10          MR. JONES, JR.:  You can enter summary
11  judgement for them on the objection to the business
12  records, Judge.
13          THE COURT:  Okay.
14          MR. JONES, JR.:  I don't have an issue
15  with that, assuming that that's what they want.
16          THE COURT:  Defendant summary judgement
17  granted.  Okay.  All right.  Thank you.
18          MS. NASH:  Thank you so much.
19          MR. JONES, JR.:  Thank you, Your Honor.
20     (Whereupon, at approximately 1:38 o'clock p.m., the
21  hearing in the above-entitled matter was concluded.)
22
23

```
                                                              16

 1                    CERTIFICATE OF REPORTER
 2         I, SHANNON C HOPCHAS-LATHAM, a verbatim court
 3   reporter, do hereby certify that I took the stenographic
 4   notes of the foregoing proceedings by voice writing which
 5   I thereafter reduced to written format; that the
 6   foregoing is a true record of said proceedings; that I am
 7   neither counsel for, related to, nor employed by any of
 8   the parties to the action in which these proceedings were
 9   held; and, further, that I am not a relative or employee
10   of any attorney or counsel employed by the parties
11   hereto, nor financially or otherwise interested in the
12   outcome of the action.
13
14
15                              _____
16                              SHANNON C. HOPCHAS-LATHAM
                                Verbatim Reporter
17
...
23
```